UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL BOWER<br>5696 Heron Drive<br>West Chester, OH 45069 | : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : : | **COMPLAINT WITH JURY DEMAND** |
| METROPARKS OF BUTLER COUNTY<br>2051 Timberman Rd<br>Hamilton, OH 45013 | : : : : | |
| and | : : | |
| METROPARKS OF BUTLER COUNTY<br>BOARD OF PARK COMMISSIONERS<br>2051 Timberman Rd<br>Hamilton, OH 45013 | : : : : : | |
| and | : : | |
| JONATHAN GRANVILLE<br>In his official and individual capacity<br>2051 Timberman Rd<br>Hamilton, OH 45013 | : : : : | |

Plaintiff Daniel Bower, complaining of Defendants MetroParks of Butler County, the MetroParks of Butler County Board of Park Commissioners, and Jonathan Granville, states as follows:

**PARTIES**

1. Plaintiff Daniel Bower ("Plaintiff") is a resident and citizen of the State of Ohio.

2. Defendant MetroParks of Butler County ("MetroParks" or "Defendant") is a public entity and political subdivision of the State of Ohio and employer under applicable federal and Ohio law. At all times relevant, MetroParks employed, controlled, or had the right to control Defendant Jonathan Granville.

1

3. The MetroParks of Butler County Board of Park Commissioners ("The Board" or "Defendant") is a public entity comprised of public appointees, political subdivision of the State of Ohio, and employer under applicable federal and Ohio law. At all times relevant, the Board employed, controlled, or had the right to control Defendant Jonathan Granville.

4. Jonathan Granville ("Granville" or "Defendant") is Executive Director of MetroParks of Butler County. At all times material hereto, Defendant Granville acted both in his official capacity as agent for Defendants MetroParks and the Board and/or in his individual capacity, as well as in the course of his employment and under the color of state and federal law. He is sued individually and in his official capacity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Count III arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615, *et. seq.* ("FMLA"), and Count IV arises under 42 U.S.C. §1983.

6. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367, because they arise out of the same set of operative facts as those relevant to Counts I, III, and IV so as to make them part of the same case in controversy.

7. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to these claims occurred in this district.

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") under its worksharing agreement with the Ohio Civil Rights Commission.

9. Plaintiff was issued a Notice of Right to Sue, and this Complaint is filed within 90 days of the Notice.

## FACTUAL ALLEGATIONS

10. Plaintiff has at all relevant times been disabled by anxiety, depression and PTSD related to his military and police service.

11. At all relevant times, Plaintiff's disabilities significantly impacted his life activities, including neurological function, thinking, sleeping, and socialization.

12. Plaintiff began his employment with Defendants as Chief of Public Safety & Law Enforcement in June 2013.

13. Plaintiff was a loyal and dedicated employee of Defendants and was fully qualified for his position at all times.

14. Defendants were aware of Plaintiff's disabilities, because he told Granville, his direct supervisor, and the Board about his disabilities, and he requested leave and other accommodation, including changed supervisory methods, for his disabilities.

15. Plaintiff's absences qualified for FMLA leave.

16. Defendants knew Plaintiff's absences qualified for FMLA leave, but they refused to offer him FMLA.

17. Plaintiff received excellent performance evaluations until August 2016, when he informed Granville that he was disabled and of the nature of his disabilities.

18. On or about June 6, 2016, Granville rated Plaintiff as exceptional/highly effective and recommended him for a merit-based pay increase.

19. When Plaintiff told Granville about his disability, he threatened Plaintiff's job and refused to accommodate his disabilities or engage in any discussion about accommodating his disabilities.

20. Granville became openly hostile to Plaintiff, making negative remarks, badmouthing and undermining him, setting higher standards for Plaintiff than others, piling on unnecessary work, and setting unreasonable and arbitrary deadlines.

21. Granville admitted to managing Plaintiff more closely after learning of his disabilities.

22. Granville had demonstrated a pattern of discriminating against other employees with disabilities and resenting their time off for medical reasons, especially those with mental health conditions.

23. Granville created a sham performance review to justify recommending that the Board terminate Plaintiff or force him to resign.

24. Plaintiff received no prior written warning or discipline before the review, and Granville informed him he would be terminated during the review when he refused to resign.

25. Plaintiff publicly protested Granville's recommendation to the Board at a Board meeting both verbally and in writing.

26. Plaintiff told the Board verbally and in writing that Granville had discriminated against him because of his disabilities and refused to accommodate his disabilities.

27. On information and belief, the Board terminated Plaintiff without investigating his complaint.

28. Plaintiff was replaced by a non-disabled person who did not take FMLA-protected leave.

29. Defendants engage in a pattern and practice of discrimination against disabled employees.

30. Defendants engage in a pattern and practice of discrimination against employees who take FMLA-protected leave.

31. Defendants engage in a pattern and practice of retaliation against employees who make complaints of discrimination.

## COUNT I

### (Disability Discrimination & Retaliation – ADA)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff was fully qualified for his position at all relevant times.

34. Plaintiff requested reasonable accommodations for his disabilities.

35. Plaintiff complained to Defendants that he was being discriminated against because of his disabilities and that he was denied reasonable accommodation.

36. Defendants denied Plaintiff's requests for reasonable accommodation and refused to engage in the interactive process regarding his requests.

37. Defendants discriminated and retaliated against Plaintiff because he is disabled, because they perceived him as disabled, because he requested accommodation for his disabilities, and/or because he complained of disability discrimination by treating him less favorably than non-disabled people, refusing to accommodate his disabilities, and terminating his employment in violation of the ADA.

38. Defendants' conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT II

### (Disability Discrimination & Retaliation – O.R.C. Chapter 4112)

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. Plaintiff was fully qualified for his position at all relevant times.

42. Plaintiff requested reasonable accommodations for his disabilities.

5

43. Plaintiff complained to Defendants that he was being discriminated against because of his disabilities and that he was denied reasonable accommodation.

44. Defendants denied Plaintiff's requests for reasonable accommodation and refused to engage in the interactive process regarding his requests.

45. Defendants discriminated and retaliated against Plaintiff because he is disabled, because they perceived him as disabled, because he requested accommodation for his disabilities, and/or because he complained of disability discrimination by treating him less favorably than non-disabled people, refusing to accommodate his disabilities, and terminating his employment in violation of O.R.C. Chapter 4112.

46. Defendants' conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT III

### (FMLA Interference/Retaliation)

48. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

49. Plaintiff had a serious health condition.

50. Plaintiff availed himself of his right to FMLA leave as a result of his serious health condition by properly notifying Defendants of his need for medical leave and by taking medical leave.

51. Plaintiff qualified for FMLA leave, but Defendants refused to provide him with FMLA leave to his detriment.

52. Defendants discriminated and retaliated against Plaintiff and interfered with his FMLA rights by denying him FMLA leave, treating him less favorably than employees who did not exercise their FMLA rights, and terminating his employment in violation of the FMLA.

53. Defendants' conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT IV

### (42 U.S.C. § 1983)

55. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

56. Defendants, by discriminating and retaliating against Plaintiff, and acting under color of state law, violated Plaintiff's federal constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free of disability discrimination.

57. Defendant Granville's wrongful conduct was the direct result of official practices and customs established by Defendants MetroParks and the Board that allowed discriminatory treatment against persons with disabilities to go unchallenged, uninvestigated, and unaddressed.

58. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

59. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered injuries and damages for which he is entitled to recovery.

60. Plaintiff is entitled to judgment pursuant to 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

  (a)  That Plaintiff be reinstated to his employment;

  (b)  That Defendants be enjoined from further unlawful activity;

  (c)  That Plaintiff be awarded all past, present and future lost compensation and benefits and the value thereof;

  (d)  That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded reasonable attorneys' fees and costs;

(g) That Plaintiff be awarded prejudgment interest;

(h) That Plaintiff be compensated for the adverse tax and pension consequences of receiving a lump sum award rather than his compensation or benefits over separate tax and/or benefit years; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Elizabeth Tuck Loring
Elizabeth Tuck Loring (0076542)
Trial Attorney for Plaintiff
Loring Law Office, LLC
810 Sycamore Street, Fourth Floor
Cincinnati, OH  45202
Phone: (513) 545-6781 / Fax: (513) 263-9081
*eloringlaw@gmail.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth Tuck Loring