# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL BOWER | : | Case No. 1:18-cv-00791-SJD |
| Plaintiff, | : | J. Susan J. Dlott |
| v. | : | |
| METROPARKS OF BUTLER COUNTY, et al. | : | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | : | |

Counsel for the parties agree as stated herein on conditions for the production of all confidential information. Counsel have further agreed that their agreement may be entered by the Court as its Order.

1. "Confidential Material" as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Defendants' confidential or proprietary business and financial information, Plaintiff's medical, financial, and sensitive personal information, and all other information designated by the producing party as confidential. Designation of confidentiality shall be made on documents by marking on the face of each document the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Any such documents already produced shall be automatically deemed confidential material without further designation. Duplicate copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within thirty

business days after receipt of the transcript. Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.

2. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material, nor does it affect any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing or trial regarding Confidential Material.

3. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable. All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties or the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action. Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

4. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

5. Upon final disposition of this Action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material.

6. The parties agree that any documents that are otherwise authentic for purposes of admissibility remain authentic even if stamped "Confidential."

7. If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the designating party shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith.

8. This Order has no effect upon and shall not apply to a party's own use of the information and documents that that party produced under the protections of this Order.

9. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

10. The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "confidential" information.

11. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this order.

12. It is specifically ordered by the Court that production of the Confidential Material is not deemed a waiver of the privileged status of the material.

IT IS SO ORDERED

*Karen L. Litkovitz*
U.S. Magistrate Judge

COUNSEL FOR PLAINTIFF

/s/ Elizabeth Tuck Loring
Elizabeth Tuck Loring (0076542)
LORING LAW OFFICE, LLC
810 Sycamore Street, 4th Floor
Cincinnati, OH 45202
tel: 513.545.6781 / fax: 513.263.9081
*eloringlaw@gmail.com*

/s/ Brian J. Butler
Brian J. Butler (00082675)
MEZIBOV BUTLER
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
tel: 513.621.8800 / fax: 513.621.8833
*bbutler@mezibov.com*

COUNSEL FOR DEFENDANTS

/s/ Kent Wellington
Kent Wellington
Graydon Head & Ritchey LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Ph: 513.629.2812
Fax: 513.651.3836
kwellington@graydon.law

/s/ Lee P. Geiger
Lee P. Geiger
Graydon Head & Ritchey LLP
7759 University Drive, Suite A
West Chester, OH 45069
Ph: 513.629.2830
Cell Ph: 513.484.2830
Fax: 513.651.3836
LGeiger@graydon.law

/s/ Daniel J. Knecht
Daniel J. Knecht
Graydon Head & Ritchey LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Ph: 513.629.0350
Fax: 513.651.3836
dknecht@graydon.law